Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50133 | **DATE** | 10/10/2001 |
| **CASE TITLE** | Block vs. Rockford Public School District # 205 et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Simmons' motion to dismiss and motion to strike;
Plaintiffs' motion for leave to file response brief

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiffs' motion for leave to file a late response brief is denied, defendant Simmons' motion to strike is denied as moot, and defendant Simmons' motion to dismiss is granted. Simmons is hereby dismissed as a defendant.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | OCT 10 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 10 PM 3:13 FILED-WD | 10-11-01 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Doug and Chris Block, individually and as parents and guardians of Amanda Block, have filed a four-count first-amended complaint against defendants, Rockford Public School District # 205 ("School District # 205") and Yolanda Simmons, in her capacity as Principal of Guilford High School. Relevant to this order is Count I, in which plaintiffs allege School District # 205 and Simmons violated Amanda's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1367, 1391. Before the court is Simmons' motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs' motion for leave to file their untimely response brief to Simmons' motion, and Simmons' motion to strike said response brief.

The court first denies plaintiffs' motion to file an untimely response brief, and thus denies as moot Simmons' motion to strike that brief. Plaintiffs' response brief was due September 5, 2001. They did not, however, actually file the brief until two weeks later on September 20, 2001 – two days *after* Simmons had already filed her reply brief. To make matters worse, plaintiffs waited five days after September 20 before even moving for leave to file the late response brief. And the reasons plaintiffs offer for not filing the response brief on time are particularly unconvincing. In any event, the court has reviewed the response brief and finds it would not change the court's decision in ruling upon the motion to dismiss.

Although plaintiffs imply Count I is brought under Title III of the ADA, it is inescapable that Title II is the only option open to them. Title II of the ADA applies to *public* entities, which are defined to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). Title III, on the other hand, applies to *private* entities operating "places of public accommodations," *not* to public entities. See id. §§ 12181(6), (7), 12182(a); 28 C.F.R. § 36.104; see also Bloom v. Bexar County, Tex., 130 F.3d 722, 726-27 (5th Cir. 1997) (collecting other cases). Plaintiffs' allegation that School District # 205 is the "operator of a public accommodation" (Am. Compl. ¶ 7), in an apparent attempt to invoke Title III, is simply untenable as it ignores the fact that it is *not* a private entity. Cf. 42 U.S.C. § 12181(7)(J). As the amended complaint makes clear, School District # 205 is a "*public* school district" and Simmons is the principal of Guilford High School – a high school within School District # 205. (Am. Compl. ¶ 7) (emphasis added) These are quintessential "public entities," making Title II the exclusive means of enforcing Amanda's rights under the ADA. See DeBord v. Board of Educ. of the Ferguson-Florissant Sch. Dist., 126 F.3d 1102, 1106 (8th Cir. 1997), cert. denied, 523 U.S. 1073 (1998). That leaves plaintiffs without a claim against Simmons because the Seventh Circuit has recently and specifically held there is no personal liability under Title II of the ADA,[1] see Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000), cert. denied sub nom., United States v. Snyder, 121 S. Ct. 1188 (2001), and Count I is the only count brought against Simmons.

For the reasons stated above, plaintiffs' motion for leave to file a late response brief is denied, Simmons' motion to strike that response brief is denied as moot, and Simmons' motion to dismiss is granted. Simmons is hereby dismissed as a defendant.

---

[1] Plaintiffs try to skirt around this issue in their response brief by citing some cases (from district courts outside the Seventh Circuit no less) holding 42 U.S.C. § 12182 – i.e., Title III of the ADA – permits liability against individual defendants. Apart from not being binding on this court, those cases are beside the point because, as the court just made clear in the discussion above, this is *not* a Title III case.