(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Doug and Chris Block, individually and as parents and guardians of Amanda Block[1], filed a six-count-second-amended complaint against defendant, Board of Education of the Rockford Public Schools, District 205[2]. Count I asserts a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA") Count II is under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq. ("Rehabilitation Act"). Counts III through VI allege various state law claims. The court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 (a). The parties have filed cross-motions for summary judgment on Counts I and II, the federal claims. Plaintiffs also seek summary judgment on Count III.

Plaintiffs, in both their motion for summary judgment and in their response to defendant's motion have failed to comply with the local rule governing motions for summary judgment, LR 56.1. Concerning defendant's motion, plaintiffs have not complied with LR 56.1 (b) (3) (A) in that they have not filed a response to defendant's LR 56.1 (a) (3) statement. Accordingly, all facts set forth by defendant in its LR 56.1(a)(3) statement are deemed admitted for purposes of defendant's motion for summary judgment. LR 56.1(b)(3)(B); See Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 527 (7th Cir. 2000). As to plaintiffs' own motion for summary judgment, they did not file a memorandum of law in support of their motion when they filed the motion as required by LR 56.1(a)(2) and their LR 56.1(a)(3) statement of material facts is deficient in that several paragraphs do not contain "specific references" to the record but rather general references, incomplete references or no references. (E.g. Pl. LR 56.1(a) ¶¶2-5) The portions of the Davis deposition cited in paragraph 8 do not support the asserted fact. The page of the Sabo deposition cited in paragraph 8 is not included in the supporting materials. Plaintiffs' reply to defendant's LR 56.1(b)(3) response does not contain "a concise reply in the form prescribed in that section for a response. . . ." LR 56.1(a)(3). District courts have discretion to require strict compliance with their local rules governing summary judgment. Bordelon, 233 F.3d at 527. Plaintiffs' motion for summary judgment is stricken for failure to comply with LR 56.1(a)(2)-(3).

Amanda was a student at Guilford High School ("Guilford"), one of defendant's high schools. (Def. LR 56.1 (a) ¶ 5) She began at Guilford in August, 1998 and graduated in June 2002. (Id. ¶¶7,10) She is currently a student at Illinois State University. (Id. ¶ 11) On numerous occasions during 2000 and 2001, Amanda was taken from school by ambulance to the hospital for breathing related difficulties. (Id. ¶23) Except when she was at Guilford, Amanda was not restricted or limited in walking, breathing, working, caring for herself, and performing manual tasks. (Id. ¶¶15-17) Away from Guilford she has had slight asthma problems but "one puff" of her inhaler resolved the problems. (Id. ¶17) She can exercise and play softball without physical difficulty. (Id. ¶¶18-19) Amanda was placed on homebound status for significant portions of her junior and senior years. (Id. ¶¶27, 30). Plaintiffs claim Amanda was discriminated against because of a disability when she was not given homework assignments in some of her classes, did not have her grades adjusted for absences and to remove an "F", was not allowed to play softball, and was not satisfactorily treated in her psychology class. (Id. ¶ 33)

Defendant argues Counts I and II are moot, and, therefore, fail to present a justiciable case or controversy under Article III of the United States Constitution, because they seek only injunctive relief and Amanda's graduation from high school extinguishes any possibility of relief. A case is moot if the court cannot fashion any form of meaningful relief for the prevailing party. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992). While Amanda's graduation makes some of the relief sought unavailable (being allowed on the high school softball team), other relief sought (corrections to grade reports) could be available.[3] Since some form of meaningful relief is available, Counts I and II are not moot.

Plaintiffs assert claims under both the ADA and the Rehabilitation Act. Both define individual with a disability to mean a person who; 1) has a physical or mental impairment that substantially limits one or more major life activities; 2) has a record of such impairment; or 3) is regarded as having such an impairment. See 29 U.S.C. § 705 (20) (B); 42 U.S.C. § 12102 (2); Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184 (2002) (ADA); Peters v. City of Mauston, No. 02-1178, 2002 WL 31557972 (7th Cir. Nov. 20, 2002) (Rehabilitation Act). Amanda is not disabled because her physical condition does not substantially limit one or more major life activities. While it is true that breathing is a basic function of life and as such a major life activity, see Knapp v. Northwestern University, 101 F.3d 473, 481 (7th Cir. 1996), cert. denied, 520 U.S. 1274 (1997), and that Amanda's asthma and allergies affect her breathing, the key "is the extent to which the impairment restricts the major life activity." Id. Amanda's deposition testimony is clear that her breathing problems did not restrict her in anyway except when she was at Guilford. At other times, one dose from her inhaler took care of her problems. A person is not disabled if by employing mitigating measures such as medication her impairment does not substantially limit her in any major life activity. See Sutton v. United Airlines, Inc., 527 U.S. 471 (1999); Murphy v. United Parcel Service, Inc., 527 U.S. 516, 521 (1999). Amanda's situation is very similar to that of the plaintiff in Heilweil v. Mt. Sinai Hosp., 32 F.3d 718 (2d Cir. 1994), cert. denied, 513 U.S. 1147 (1995), whose asthmatic condition prevented her from working in a certain room of the hospital. Ms. Heilweil was terminated after her doctor told her she could no longer work in the particular room. The ventilation system in the room made her asthma much worse. Id. at 719. The evidence did not show she was unable to work anywhere else. Id. Amanda's testimony is clear that her condition did not substantially limit any major life activity. She could exercise, play sports and go to school. She may have been substantially limited in her ability to attend classes at Guilford, but this location specific limitation was not a substantial limitation on a major life activity. She was physically able to attend school elsewhere. Defendant is entitled to summary judgment on Counts I and II.

Because summary judgment on Counts I and II disposes of all the federal claims, the court declines to exercise supplemental jurisdiction over the remaining state law claims. See Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 62 (2001) (when all federal claims are disposed before trial relinquishing jurisdiction over pendant state law claims is the norm not the exception); 28 U.S.C. § 1367 (c) (3).

For the foregoing reasons, defendant's motion for summary judgment on Counts I and II is granted and plaintiffs' motion for partial summary judgment is stricken. Yolanda Simmons having been dismissed previously as a defendant, the grant of summary judgment on Counts I and II disposes of all claims against all defendants under those counts and Counts I and II are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Counts III through VI which are dismissed without prejudice.

---

[1] Amanda joined as a plaintiff in her own right when she turned 18.

[2] Yolanda Simmons previously was dismissed as a defendant.

[3] Defendants do not argue a court cannot order a change in a grade report. The court assumes, without investigating or deciding, for purposes of determining mootness that this relief is available.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50133 | **DATE** | 12/19/2002 |
| **CASE TITLE** | BLOCK vs. ROCKFORD PUBLIC SCHOOL DIST. #205 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment on Counts I and II is granted and plaintiffs' motion for partial summary judgment is stricken. Yolanda Simmons having been dismissed previously as a defendant, the grant of summary judgment on Counts I and II disposes of all claims against all defendants under those counts and Counts I and II are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Counts III through VI which are dismissed without prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 20 2002 date docketed | |
| | Docketing to mail notices. | | | 65 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 12-19-02 date mailed notice | |
| /SEC | courtroom deputy's initials | 02 DEC 19 PM 4:47 FILED-WD U.S. DISTRICT COURT CLERK | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Doug Block, et al.

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 01 C 50133

Rockford Public School District #205, et al.

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment on Counts I and II is granted and plaintiffs' motion for partial summary judgment is stricken. Yolanda Simmons having been dismissed previously as a defendant, the grant of summary judgment on Counts I and II disposes of all claims against all defendants under those counts and Counts I and II are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Counts III through VI which are dismissed without prejudice.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 12/19/2002

Susan M. Wessman, Deputy Clerk